UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN GRAHAM GILBERT,<br><br>        Plaintiff<br><br>v.<br><br>DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Defendant | 2:24-cv-00372-JAW |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that he was deprived of fundamental liberties when he was a civil inpatient at a state psychiatric facility. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without the prepayment of the filing fee (ECF No. 3), which application the Court granted. (Order, ECF No. 5.) Pursuant to the statute that governs matters filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that he has been admitted to the Riverview Psychiatric Hospital on multiple occasions, and during each stay, he suffered due to the limited time he could spend outdoors. The relevant policy provides for five fifteen-minute fresh air breaks outside each day for a total of seventy-five minutes daily. According to Plaintiff, staff do not always

prioritize the outdoor time patients have and, therefore, the outdoor breaks sometimes do not occur. Plaintiff argues that he is accustomed to spending significantly more than seventy-five minutes per day outdoors, that his mental health and treatment suffer with insufficient time outdoors, and that Defendant could and should provide patients much more time outdoors.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint

'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff named an agency of the State of Maine as a defendant. The State of Maine is immune from suit in this Court under the doctrine of sovereign immunity exemplified by the Eleventh Amendment to the United States Constitution, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail on his damages claim.

Even if the Court were to construe Plaintiff's filings to include a request for prospective relief against a state official rather than the state agency, "there is no clearly established law regarding the minimally constitutional amount of time that … civilly committed patients are entitled to outdoor exercise." *Carter v. Foulk*, No. C 09-5276 LHK PR, 2012 WL 3987603, at *7 (N.D. Cal. Sept. 11, 2012). Furthermore, in this case, the outdoor time afforded Plaintiff is considerably more than the time that courts have found insufficient in the context of other confined individuals, *see, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000) (noting that it had previously held that a prison created

unconstitutional conditions when outdoor exercise was restricted to forty-five minutes per week for a prolonged period).[1]

In sum, regardless of the merit of Plaintiff's contention that more outdoor time would be beneficial, Plaintiff has not alleged sufficient facts to support a federal constitutional claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of February, 2025.

---

[1] Although Plaintiff alleges that patients are not always afforded the five fifteen-minute breaks outdoors each day in accordance with the governing policy, he has not alleged the degree to which the time allowed has deviated from the policy.